UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON KEEL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:20-cv-01210-JPH-TAB |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Jason Keel's petition for a writ of habeas corpus challenges his conviction in prison disciplinary case BTC 19-10-0177. For the reasons explained in this Entry, Mr. Keel's petition is **denied.**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

**B. Disciplinary Proceeding**

On October 20, 2019, RN J. Fletcher wrote a Report of Conduct charging Mr. Keel with a violation of the Indiana Department of Correction ("IDOC") Adult Disciplinary Code B-213, threatening:

> Offender reported to Medical during a.m. med line inquiring about HS snack. Tonya, RN provided education on diets. After offender left Medical doorway, offender was heard stating 'shoot up Wexford employees and doctors.' MPB Officer notified of offender's comment immediately.

Dkt. 9-1.

RN Tonya Abner wrote an email prior to the issuance of the conduct report that described the incident:

> Offender Keel came to medical to get his prescribed medication at 05am. He had a cup of coffee in his hand when I handed him his cup of medication. He was asking why he doesn't receive a HS snack and I explained that he was not insulin dependent and therefore is not prescribed one by the doctor., He then said "I know it's not your fault. But, I would like to get a gun and shoot up Wexford staff and the doctor". He continued to walk down the hall to leave. RN Fletcher called the MPB desk to report this incident[.]

Dkt. 9-2.

Mr. Keel was notified of the charge on October 24, 2019, when he received the Notice of Disciplinary Hearing Screening Report. Dkt. 9-3. He pled guilty, did not wish to have a lay advocate, did not want to call any witnesses, and did not request any physical evidence. *Id.* Mr. Keel waived 24-hour notice of the disciplinary hearing, and it was held on the same day. *Id.*; dkt. 9-4.

The Report of Disciplinary Hearing indicated that Mr. Keel admitted to the charge. Dkt. 9-4. The disciplinary hearing officer ("DHO") checked on the form that he had reviewed the staff reports and considered Mr. Keel's statement—the admission—and found Mr. Keel guilty. *Id.* Mr.

2

Keel's sanctions included a deprivation of 90-days' earned credit time and a credit class demotion. *Id.*

Mr. Keel appealed to the Facility Head and the IDOC Final Reviewing Authority, but neither appeal was successful. Dkts. 9-5; 9-6. He then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 2.

**C. Analysis**

Mr. Keel raises the following grounds in his petition: (1) he received excessive sanctions rather than receiving progressive discipline; (2) he admitted his guilt because he and the screening officer agreed to a deprivation of only 45-days' earned credit time; and (3) his guilty plea was made under false pretenses. *Id.* at 2-3.

### 1. Failure to Exhaust Grounds 2 and 3

The respondent argues that Mr. Keel has only exhausted his administrative appeals as to his first claim regarding excessive sanctions and progressive discipline. Dkt. 9 at 1-2. The respondent contends that Mr. Keel's grounds that he had an agreement to a lesser sanction that was not honored and that he was misled into pleading guilty were not raised in his lower level appeals. *Id.* at 2.

The Court has reviewed Mr. Keel's first level appeal[1] and finds that he did not raise grounds (2) and (3). Mr. Keel's petition indicates that he did raise the issue of the agreement he made with the screening officer in his appeal. Dkt. 2. However, Mr. Keel makes no reference to any agreement being made regarding a lesser sanction nor does he raise any issues regarding the screening officer

---

[1] Mr. Keel's appeal to the Facility Head stated: "The san[c]tion imposed on this were exstream. It is to be in place a chain of disciplinary action imposed. I have only lost time for a write up 2 years ago. I had not had a write up in almost 5 months. And on the write up. The individual that did the write up. Stated. I told them I was not speaking to them. At no time have I had any of the sanctions suspended. And I cooperated with screening." Dkt. 9-5.

3

in his appeal to the Facility Head. Dkt. 9-5. Likewise, Mr. Keel makes no mention of his guilty plea being made under any false pretenses. *Id.* Particularly telling is his own statement in his petition as to why he did not previously raise the issue of his guilty plea being under false pretenses being that he "did not think of it." Dkt 2. at 3. In his reply,[2] Mr. Keel adds that he pled guilty based on a mutual understanding that he would lose only 45 days of earned credit time. Dkt. 13. He claims that he did not know he could bring these second and third grounds in his lower appeals. *Id.* at 14-15.

Only the issues raised in a timely appeal to the Facility Head and then to the Final Reviewing Authority may be raised in a subsequent petition for writ of habeas corpus unless a showing of "cause and prejudice or a miscarriage of justice (meaning conviction of an innocent person)" has been made. *See* 28 U.S.C. § 2254(b)(1)(A); *Washington v. Boughton*, 884 F.3d 692, 698 (7th Cir. 2018); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). Mr. Keel has not shown cause and prejudice to meet this high hurdle that his resulting conviction violates due process. His unexhausted arguments do not support a finding of innocence, but rather illustrate that he intended to plead guilty—just to a lesser sanction. Accordingly, habeas relief on grounds (2) and (3) is denied.

### 2. Excessive Sanctions

Mr. Keel claims he received excessive sanctions. However, this allegation involves the prison's compliance with IDOC policies, which do not provide support for habeas corpus relief. Prison policies are "primarily designed to guide correctional officials in the administration of a

---

[2] The Court notes that Mr. Keel raises new arguments in his reply including that he did not receive a proper written statement stating a sufficient reason (other than his admission) for his guilty conviction, that he was not treated the same as other inmates under the Equal Protection Clause, and that he gave up the ability to present issues when he pled guilty. Dkt. 13. The Court need not consider these arguments. "[W]e have repeatedly recognized that district courts are entitled to treat an argument raised for the first time in a reply brief as waived." *O'Neal v. Reilly*, 961 F.3d 973, 974 (7th Cir. 2020).

prison" and not "to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

Accordingly, Mr. Keel is not entitled to habeas relief on this ground.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Keel to the relief he seeks. Accordingly, Mr. Keel's petition for a writ of habeas corpus must be **denied** and the **action dismissed.** Mr. Keel's pending motion to expedite ruling, dkt. [15], is **denied as moot**.

Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 1/28/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JASON KEEL
962345
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

David A. Arthur
INDIANA ATTORNEY GENERAL
David.Arthur@atg.in.gov